## GATTON v MANSFIELD (city)

Ohio Appeals, 5th Dist, Richland Co.

No. 565. Decided Sept. 18, 1940

## OPINION

By LEMERT, J.

The appellant, Druzella Gatton, instituted a suit in the Common Pleas Court of Richland County, Ohio, seeking relief and damages from the City of Mansfield for shutting off water furnished to her premises. The City of Mansfield filed an answer setting forth as a defense to the action of the plaintiff, the Municipal Sewer Rental Ordinance, and the rules and regulations of the Department of Public Service, authorizing the shutting off of water at premises which are delinquent in their sewer rental.

The answer of the defendant further alleged that the plaintiff was delinquent in the payment of sewer rental. To this answer of the defendant, the plaintiff demurred, and the court below overruled the demurrer and found that the facts alleged by the defendant in its answer constituted valid defense. It is to be noted from the record that both plaintiff and defendant agreed that if the demurrer to the answer is overruled; in other words, if the answer of defendant states a good defense, it determines this litigation. Section 6 of the Sewer Rental Ordinance provides as follows:

"Section 6. The charge or rentals levied pursuant to this ordinance shall be collected by the Department of Public Service and the Director of said department shall make and enforce such by-laws and regulations as may be necessary for the safe, economical and efficient management and protection of the city's sewerage system and the sewerage pumping, treatment and disposal works; for the construction and use of sewers and connections to the sewerage system and for the regulation, connection, rebating and refunding of such charges or rentals."

The plaintiff contends that the Common Pleas Court erred in overruling the plaintiff's demurrer for the reason that the regulation of the water department, authorizing the shutting off of water for non-payment of sewer rental is without authority as being in conflict with §3891-1 GC. The section of the general code referred to by the plaintiff is the authority for the adoption of a sewer rental ordinance, and provides further that sewer rental charges shall constitute a lien upon the property served by such connection, and if not paid when due, shall be collected in the same manner as other city and village taxes.

It is the contention of the defendant that the above section was not intended to provide an exclusive method for the collection of sewer rentals. It is well settled that a municipality may shut off water for the nonpayment of a delinquent water bill.

There seems to be no case in Ohio directly in point covering this section. Section 3891-1 provides the method by which council may by ordinance establish the rental, or charge of rent, to be paid to the city or village for sewerage services and prescribes how the same shall be collected.

This court, sitting in Stark County, Ohio, on October 11, 1935, in the case of Grimm v Lewisville, 4 OO 514, held that a charge for the maintenance of a sewer system is not a tax assessment, or a special assessment, but a rental authorized by statute, partaking of the nature of a tax, or assessment.

We further held that if the rental is not paid when due, it may be recovered by suit, which provides an additional remedy other than certifying it as a delinquent; so that the main and principal question in the instant case is whether the rule and regulations passed by the council of the City of Mansfield is authorized and valid to discontinue a collateral service closely related to the water service.

In the case of Dodd v City of Atlanta, 113 Southeastern, 166, it is held that the city had a right to shut off the water when the tax charge was not paid, the services being closely related, are considered as one transaction, so that from the record in this case, we are of the opinion that the sewer rental is based upon the amount of water used, and the operation of the sewerage system is dependent upon the water supply, and that the water and sewer service may be rightfully considered as one transaction.

Therefore, we hold that the ordinance passed by the City of Mansfield, together with the regulations adopted by the Department of Public Safety of such city, that the water supply be shut off to resident delinquents in the payment of water and sewer charges to said city, is not an unreasonable regulation, and that said regulation is duly authorized under said ordinance.

For that reason the demurrer to the answer of the defendant, the City of Mansfield, was properly overruled and so holding that the answer states a good and valid defense to the petition of plaintiff, the petition is dismissed. Judgment affirmed.

Exceptions.

SHERICK, PJ. and MONTGOMERY, J., concur.